UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kai Yang,                                                      Civil No. 15-170 (PAM/FLN)

          Petitioner,                         **REPORT AND**
                                                                  **RECOMMENDATION**
v.

Warden, Moose Lake Prison,

          Respondent.

_____

Kai Yang, *pro se*, for Petitioner.
Matthew Frank, James Early, and Peter R. Marker, for Respondent.

_____

This matter came before the undersigned United States Magistrate Judge on Petitioner Kai Yang's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. Pet., ECF No. 1. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends Petitioner's Petition be **DENIED**.

## I. BACKGROUND

Yang is currently serving a forty-eight month sentence at the Minnesota Department of Corrections facility in Moose Lake, Minnesota, after pleading guilty in Ramsey County District Court to third-degree criminal sexual conduct. ECF No. 1 at 1. On direct appeal, Yang argued that: (1) the district court erred by denying Yang's pre-sentence motion to withdraw his guilty plea, (2) Yang was denied effective assistance of counsel due to a conflict of interest, and (3) the district court abused its discretion by denying Yang's motion for a downward dispositional departure. *See State v. Yang*, No. A13-2333, 2014 WL 5120650, at *1 (Minn. Ct. App. Oct. 14, 2014). The Minnesota

Court of Appeals rejected these claims and affirmed his conviction. The Minnesota Supreme Court denied further review on December 30, 2014. Gov't Resp. 6, ECF No. 6.

In Yang's Petition, he seeks habeas relief on the same grounds he raised on direct appeal, namely that: (1) the court erred in denying his pre-sentence motion to withdraw his guilty plea which was coerced, (2) Yang was denied effective assistance of counsel, and (3) the court erred when it failed to consider mitigating circumstances in not granting Yang a dispositional sentencing departure. ECF No. 1 at 2, 4, 7. On February 6, 2015 and March 2, 2016, the Court directed the Government to show cause why the writ should not be granted. Orders, ECF Nos. 5, 10. The Government takes the position that Yang's ineffective assistance of counsel claim should be denied on the merits, and his remaining claims should be denied on procedural grounds. Gov't Supp. Resp. 2–3, ECF No. 11.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standards that govern this Court's review of habeas corpus claims raised by state prisoners. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court held:

> A state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours. . . .
>
> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 405, 413. The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 411.

A writ of habeas corpus may also be available where the state courts' resolution of a case is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court . . . presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).

A federal district court does not conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been

3

interpreted by the Supreme Court in *Williams*. Demonstrating actionable error requires that a petitioner, as a threshold matter, present a federal question in his petition for relief. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

### III.  CONCLUSIONS OF LAW

**A.     Yang's Guilty Plea Was Not Coerced**

Yang contends that the State court erred when it denied his pre-sentence motion to withdraw his guilty plea on the basis of coercion. ECF No. 1 at 2, 7. According to Yang, his guilty plea was coerced when his family pressured him into pleading guilty. *Id.* In response, the Government argues that Yang failed to raise the issue of the voluntariness of his plea to the Minnesota Supreme Court. ECF No. 11 at 2. According to the Government, the only claim relating to Yang's guilty plea that was raised on appeal was that his plea was invalid due to a conflict with his counsel. *Id.* Even if Yang's claim is not procedurally barred, the Government states that it should be denied because the Minnesota Court of Appeals determined Yang's plea was voluntary. *Id.* at 3.

Assuming without deciding that Yang's involuntary plea claim is not procedurally barred, the Court nevertheless concludes that Yang is not entitled to habeas relief on this issue. In addressing this issue on appeal, the Minnesota Court of Appeals held, "To find a plea to be involuntary due to coercion, the record must unequivocally support a finding that the coercion resulted in 'overbearing the will of the defendant.' . . . [T]he record does not support a conclusion that Yang's will was overborne by family pressures." *Yang*, 2014 WL 5120650 at *3 (internal citations omitted). Yang

has not identified anything in the record to substantiate a claim that the Minnesota Court of Appeals' holding is contrary to federal law or objectively unreasonable in light of the facts and circumstances. As observed by the Minnesota Court of Appeals, Yang's affidavits and his arguments that he had been coerced into pleading guilty is contradicted by the plea colloquy, when Yang "stated during the plea hearing that he had not been forced or coerced into pleading guilty." *Id.* at *5. Habeas relief on this ground must therefore be denied.

**B.     Yang Does Not Have a Constitutional Right to a Dispositional Sentencing Departure**

Yang is not entitled to habeas relief on the ground that he is entitled to a dispositional sentencing departure. Yang was sentenced according to applicable state guidelines. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Evenstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006) ("Like the district court, we lack authority to review the Minnesota state courts' interpretation and application of state law."). Yang has not explained how any possible sentencing error goes beyond an error of state law and implicates the U.S. Constitution or other federal law.

**C.     Yang Received Effective Assistance of Counsel**

The Minnesota Court of Appeals reviewed Yang's ineffective assistance of counsel claim under the U.S. Supreme Court standards outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). To prove ineffective assistance of counsel, Yang must show that (1) his counsel's representation was so deficient that it fell below the standards guaranteed to him under the Sixth Amendment, and (2) that Yang was prejudiced by his counsel's errors. *Id.* According to Yang, he was counseled by his

trial attorney to take a guilty plea because doing so would result in only a probationary sentence. At some point after pleading guilty, it appears that Yang discovered that he could face a much harsher sentence than merely probation. In his hearing on his motion to withdraw his guilty plea, Yang claims that his trial attorney attempted to conceal the fact that he advised Yang that he would only receive a probationary sentence in exchange for pleading guilty. This, Yang argues, created a conflict of interest that resulted in his receiving ineffective assistance of counsel during the hearing to withdraw his plea. This argument is without merit.

In reviewing the same argument, the Minnesota Court of Appeals held that Yang could not establish an actual conflict of interest. *Yang*, 2014 5120650 at *7. This was based on a review of the record including an affidavit signed by Yang, that was presented at the plea withdrawal hearing by Yang's counsel, stating that Yang was informed by counsel that he may receive a probationary sentence for pleading guilty. *Id.* This directly refutes Yang's allegation that his attorney concealed any legal advice regarding a probationary sentence. Indeed, Yang's counsel aggressively advocated on Yang's behalf. As observed by the Minnesota Court of Appeals:

> Yang's counsel did not argue that he gave Yang misleading information, but he did advance the family-coercion argument and argued that Yang did not understand the full consequences of his guilty plea. His counsel also submitted Yang's affidavit to the court, which stated his attorney had informed him that he could receive a probationary sentence. Yang argues that his counsel phrased the affidavit in such a way so as not to admit ineffective assistance of counsel. But the record demonstrates that Yang signed the affidavit, swearing to its truth, thus diminishing the power of this argument. . . . Yang's counsel advocated on his behalf and thoroughly argued the motion at the sentencing hearing. . . . Yang has not shown that his counsel actively represented conflicting interests and that any conflict adversely affected his representation.

*Yang*, 2014 5120650 at *7.

The Minnesota Court of Appeals applied the federal standard and held that Yang did not

meet his burden of proof on the first prong of *Strickland*. This decision was neither contrary to federal law nor based on an unreasonable determination of the facts. Therefore, the Court concludes that Yang is not entitled to federal habeas relief on this claim.

### IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**.

DATED: April 13, 2016                                  *s/Franklin L. Noel*
                                                                    FRANKLIN L. NOEL
                                                                    United States Magistrate Judge

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.