UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kai Yang,                                                Civ. No. 15-170 (PAM/FLN)

                 Petitioner,

v.                                                **MEMORANDUM AND ORDER**

Warden, Moose Lake Prison,

                 Respondent.

_____

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Franklin L. Noel dated April 13, 2016. The R&R recommended denial of Petitioner Kai Yang's Petition for a Writ of Habeas Corpus. Yang filed timely objections to the R&R and also filed a "Motion for Certificate of Appealability." After conducting the required de novo review, the Court adopts the R&R, denies the Petition, and denies Yang's request for a certificate of appealability.

Although Yang raised three grounds for relief in the Petition, his objection focuses solely on the claim that his trial counsel was ineffective. By failing to object to the other grounds the R&R addressed, Yang has waived any argument regarding those issues. See D. Minn. L. R. 72.1(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Yang contends that his trial counsel rendered ineffective assistance because counsel allegedly told Yang that he would be subjected only to probation if he pled

guilty. He also argues that counsel had a conflict of interest because Yang's family wanted Yang to plead guilty and were paying the attorney's fee.

Even if the record did not belie Yang's claims regarding the involuntariness of his guilty plea, he has not established any constitutional violation cognizable on federal habeas review. Yang must establish that the Minnesota Court of Appeals misapplied federal law or unreasonably determined the facts in its decision that Yang's counsel did not render ineffective assistance. This he cannot do. The Minnesota Court of Appeals correctly applied relevant Supreme Court precedent regarding Yang's ineffective-assistance-of-counsel claim. State v. Yang, 2014 WL 5120650, at *6-7 (Minn. Ct. App. Oct. 14, 2014). In particular, the state court noted that the record did not support Yang's claim of conflict of interest, coercion, or that his attorney gave him misleading information regarding sentencing. Id. at *7. Federal habeas relief is not appropriate.

In conjunction with his objection, Yang also filed a Motion for Certificate of Appealability. Yang may not appeal this Court's decision in the absence of a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). But a Certificate of Appealability is available only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Yang has failed to establish any denial of his constitutional rights and a Certificate of Appealability will not issue.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition (Docket No. 1) is **DENIED**;

2. The R&R (Docket No. 14) is **ADOPTED**; and

3. The Motion for Certificate of Appealability (Docket No. 16) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 3, 2016

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge